COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

PRINCE WILLIAM COUNTY SCHOOLS
 AND VML INSURANCE PROGRAMS

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0621-16-4                            PER CURIAM
                                                       AUGUST 16, 2016
LAURA M. ADNEY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Ralph L. Whitt, Jr.; Megan Kerwin Clark; Whitt & Del Bueno, PC,
              on briefs), for appellants.

              (Craig A. Brown; Ashcraft & Gerel, LLP, on brief), for appellee.


       Prince William County Schools and VML Insurance Programs (hereinafter "employer")

appeal a decision of the Workers' Compensation Commission finding that Laura M. Adney

(hereinafter "claimant") sustained a compensable injury by accident to her head on February 18,

2014. Employer contends that no credible evidence supports the Commission's finding that

claimant hit her head during her accident at work and thereby suffered headaches and

post-concussive syndrome resulting from the head injury. Employer contends that the only

evidence that claimant sustained a head injury when she fell on the ice on February 18, 2014 is

the testimony from Victoria Miranda, who spoke with claimant immediately after the fall.

Employer also contends that Miranda's testimony was incorrectly transcribed to attribute a

statement from claimant to Miranda that claimant hit her knee and head when she fell. Employer

maintains the Commission erred by denying employer's motion to reconsider its decision

awarding benefits to claimant because an audio recording of Miranda's testimony reveals she

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

made no reference to a comment by claimant that claimant hit her head. Based on the alleged error in the transcript of Miranda's testimony, employer also argues that the Commission erred by overruling its objection to the transcript and denying its request to amend it.

We have reviewed the record and the Commission's opinion and find that this appeal is without merit. Accordingly, we affirm the Commission's decision that claimant sustained a compensable injury by accident to her head for the reasons stated by the Commission in its final opinion. See Adney v. Prince William Cty. Schs., JCN VA00000894680 (Mar. 23, 2016).

With regard to the Commission's denial of employer's motion for reconsideration and order overruling employer's objection to the transcript, the Commission acted within its discretion. Employer's motion and objection, while not framed as a motion to reopen the record, sought relief by having the Commission "reopen" and amend the record with regard to Miranda's testimony. See Fairfax Cty. Sch. Bd. v. Martin-Elberhi, 55 Va. App. 543, 548, 687 S.E.2d 91, 93 (2010) (whether to reopen the record lies within the Commission's discretion). Having reviewed the audio recording of Miranda's testimony against the transcript of her testimony, we cannot say that the Commission abused its discretion by refusing to grant employer's motion for reconsideration and by overruling its objection to the transcript.

We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.